UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>     v.<br><br>MARCO RUBIO, *et al.*,<br><br>     Defendants. | Civil Action No. 25-4565 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe has filed this lawsuit under Title VII of the Civil Rights Act and the federal whistleblower provisions of the Civil Service Reform Act against the Secretary of State and various State Department employees. See ECF No. 1 (Compl.). She alleges that Defendants discriminated against her on the basis of her race and national origin. Id. at ECF p. 4. Specifically, she alleges that she "has been subjected to a continuous and escalating pattern of discriminatory and retaliatory investigative practices, adverse action, and credibility attacks by the Office of Personnel Security and Suitability." Id. at ECF p. 8. Plaintiff has previously succeeded in an employment-discrimination claim against State, which she contends led to harassment and unfair treatment prior to filing this lawsuit. Id. at ECF pp. 11–12. She now moves to proceed under a pseudonym. See ECF No. 3 (Mot.).

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial

1

proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II.     Analysis

Plaintiff has demonstrated sufficient privacy interests that outweigh the public's presumptive interest in learning her identity.

At the outset, Doe seeks to preserve her anonymity in relation to "a matter of a sensitive and highly personal nature."  Id. at 326 (cleaned up).  If a case involves medical information, including mental-health status, the first factor generally favors pseudonymity.  Id. at 327 (medical information considered sensitive and highly personal information); Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023) (finding this factor favored

2

pseudonymity when plaintiffs sought to avoid disclosing "medical conditions . . . such as major depressive disorder, bipolar disorder, post-traumatic-stress disorder, and panic disorder"). Plaintiff here suffers from post-traumatic-stress disorder and depression.  See Mot. at 1.  These mental-health conditions have manifested in "cardiac issues, debilitating migraines, insomnia, signs of damaged reproductive health (mass bleeding, month-long bleeding, spotting), and anxiety episodes."  Compl. at ECF p. 15.  Plaintiff further alleges that Defendants caused her "extreme stress that directly resulted in a miscarriage."  Id. at ECF pp. 14–15.  Given this "deeply personal and sensitive reproductive health trauma," Mot. at 1, disclosure of Plaintiff's identity may also implicate an issue of bodily autonomy.  See In re Sealed Case, 971 F.3d at 327 (issue of bodily autonomy considered sensitive and highly personal information).  The disclosure of Plaintiff's medical information therefore strongly weighs in favor of pseudonymity.

Plaintiff's contention that disclosure might harm her "employment prospects outside the Department," however, see Mot. at 2, is too speculative and unsubstantiated to weigh in favor of pseudonymity.  See John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) ("[S]peculative and unsubstantiated claims of harm to [plaintiff's] reputational or economic interests are insufficient to justify proceeding anonymously[.]"); see also Thomas v. Power, No. 23-2637, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Sept. 14, 2023) (factor does not help plaintiff who did not "explain[] how her future employment opportunities would be threatened").

Plaintiff notes that she was asked about her prior lawsuit in the final round of a job interview and subsequently did not receive the role "despite her being the 'best qualified candidate', according to the staffing agency."  Mot. at 2.  But this experience does not rise to the level of detail and specificity required to support pseudonymity.  Compare Mot. at 2 (lacking proof of any direct link between questions about prior employment-discrimination claims and job

3

deprivation), with Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) (granting pseudonymity request where "charge of unprofessional conduct" contained in complaint could render doctor "unable to practice medicine" if it reached practitioner data bank). Plaintiff's contention about future employment prospects sounds closer to "merely" seeking "to avoid the annoyance and criticism that may attend any litigation" and thus does not favor pseudonymity. In re Sealed Case, 971 F.3d at 327.

In sum, the first factor supports pseudonymity. Although Plaintiff's contention about future employment prospects does not weigh in her favor, the disclosure of her private medical information at the core of the Complaint is a real and weighty interest that tips the balance. See In re Sealed Case, 971 F.3d at 327.

The second factor asks "whether identification poses a risk of retaliatory physical or mental harm." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 96). As applicable here, "courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed." Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sep. 27, 2018) (cleaned up). Plaintiff asserts that Defendants have already engaged in multiple retaliatory actions against her for her prior litigation. For instance, she contends that in 2016 an HR official disseminated an email with an article about her prior lawsuit, at which point another HR official said Plaintiff had "conduct issues" and cut her pay. See Mot. at 2. Plaintiff alleges many other instances of retaliation, including "multiple Warning Letters and heightened and irregular investigative scrutiny following protected activity," id. at 2, as well as "demeaning and ethnically-charged questioning." Compl. at ECF p. 9.

4

On one hand, any risk of retaliation would likely be unaffected by disclosure to the extent that those employees are already aware of her identity. Cf. Thomas, No. 23-2637, Mem. Op. at 4 (making similar point where plaintiff alleged that events leading up to claim posed threat of physical and mental harm). On the other hand, these examples suggest that disclosure could cause Plaintiff's "hostile work environment," Compl. at ECF p. 11, to worsen even further. And courts recognize that the risk of retaliatory mental harm is especially acute in scenarios where a plaintiff is already mentally ill. See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."); Doe v. Roman Cath. Diocese of Greensburg, 2021 WL 12137383, at *7 (D.D.C. Feb. 12, 2021) (crediting claim in similar case that "the stress associated with [proceeding publicly] would exacerbate the symptoms of [plaintiff's] mental illness") (cleaned up). As discussed earlier, Plaintiff already suffers from PTSD and depression, see Mot. at 1, which have manifested in "cardiac issues, debilitating migraines, insomnia, signs of damaged reproductive health (mass bleeding, month-long bleeding, spotting), and anxiety episodes." Compl. at ECF p. 15. Retaliatory mental harm could well exacerbate these psychological issues.

To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [her] concerns unsupported and unwarranted." Doe v. Federal Republic of Germany, 2023 WL 4744154, at *5 (D.D.C. July 3, 2023). At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Doe's name publicly in connection with this litigation could pose a risk of

retaliatory mental harm. See Compl. at ECF pp. 8–14; Mot. at 2. The second factor thus favors pseudonymity.

The third factor favors disclosure. This case implicates no privacy interests of minors. See Mot. at 2 (noting that "Plaintiff is an adult").

The fourth factor favors pseudonymity. In cases with a government defendant, this factor turns on the nature of relief sought. Anonymity is favored when a plaintiff seeks individualized relief but disfavored when he seeks program-wide relief. Compare Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted), with In re Sealed Case, 971 F.3d at 329 ("That public interest is intensified when, as here, the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward."). Here, Plaintiff has sued government actors seeking individualized relief. See Compl. at ECF p. 15. The fourth factor therefore favors pseudonymity.

The fifth and final factor tilts the same way. Because Plaintiff has offered to disclose her identity under seal, see Mot. at 3, this factor favors pseudonymity. See, e.g., In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion where defendant already knows plaintiff's identity); R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op.) at 5 (D.D.C. Sept. 12, 2023) (same because "[w]hile this is not a case in which Defendant knows their identities already, Plaintiffs have offered to disclose them under seal and have not asked to do so *ex parte*").

6

In sum, the first, second, fourth, and fifth factors weigh in favor of granting the Motion to proceed pseudonymously, while the third cuts against. That tilts the balance in Plaintiff's favor, at least on the current record.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion for Leave to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

3. For all public filings, the parties shall redact Plaintiff's name, age, date of birth, address, Social Security number, and any other personally identifying information that could lead to the identification of Plaintiff by non-parties; and

4. Within fourteen days of this Order, Plaintiff shall file a pseudonymous version of her [3] Motion and any attachments on the public docket, with the supporting Declaration remaining under seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: January 30, 2026